{¶ 36} For the reasons stated below, I respectfully dissent.
 {¶ 37} This court need not engraft anything into the statute to affirm the trial court's decision below. First, the Atwater zoning resolution concerns "junk motor vehicles," not "abandoned junk motor vehicles." In trying to determine the meaning of "junk motor vehicles," R.C. 4513.63 may be useful, but should not be read so narrowly as to defeat the obvious purpose of the township's zoning resolution. Atwater Township's zoning provision seeks to prevent the open storage of offensive and objectionable junk motor vehicles. Under R.C. 4513.63, a vehicle can be considered to be "junk" if it is "extensively damaged" or "apparently inoperable." The township's zoning inspector testified that the vehicle at issue was dirty and filled with debris, with tires sunk into the ground so deep that he could not observe them. At a minimum, this testimony supports a finding that the vehicle was apparently inoperable. Moreover, the examples of missing wheels, tires, motor, or transmission in R.C. 4513.63(C), are words of example, not limitation. That provision includes the words "including but not limited to" (emphasis added), which clearly demonstrate that these words are not meant to be exclusive. The trial court could reasonably infer from the zoning inspector's testimony that the dirty and debris filled vehicle was "junk" and extensively damaged. This court should not second-guess that decision.
 {¶ 38} Therefore, I would affirm the decision of the Portage County Common Pleas Court in this case.